## Diehl's Appeal.

An Orphans' Court sale for the payment of debts, passes only the title which the decedent had in the lands. The sale of the equitable estate of a vendee by articles of agreement, does not disturb the title of the vendor.

If, by an arrangement with the vendor, the entire estate in the land, both legal and equitable, be sold, the administrator is only chargeable with the price of the decedent's equitable interest.

The return to the order of sale is not conclusive, in the settlement of the administration account, as to the amount of the proceeds of sale.

The vendor was no party to the proceedings in the Orphans' Court, and it was error to amend the return, and administration account, at his instance.

APPEAL from the Orphans' Court of *Bedford county*.

This was an appeal by Elizabeth Diehl, and others, the widow and heirs of Jacob Diehl, deceased, and by divers creditors of the said decedent, from the decree of the court below, confirming an amended return to an order of sale of the real estate of the said Jacob Diehl, deceased, and reforming the account of his adminis-trator, and making distribution of the balance in his hands.

On the 20th November 1852, James W. Dickinson, by articles of agreement, sold to Jacob Diehl, a tract of 220 acres of land, for $3300, payable in instalments. After Diehl had paid $1150 on account of the purchase-money, he died, and letters of adminis-tration on his estate were granted to Samuel H. Tate, who obtained an order to sell the real estate of his intestate for the payment of debts. To this order, the administrator made return that he had sold the premises to John C. Black for $2601, and the sale was confirmed by the court; as was also his administration account, wherein he charged himself with $2601 as the proceeds of sale.

James W. Dickinson claimed the balance of his unpaid pur-chase-money out of the fund in the hands of the administrator; and presented a petition to the court below setting forth that, by an arrangement or understanding at the sale, the back purchase-money, $2343.05, was to be paid him out of the proceeds; that the administrator had erroneously charged himself with the whole amount of sale in his account, $2601, whereas he ought only to have charged himself with the same, less the balance of purchase-money due; that believing the said balance of purchase-money was secured to him by John C. Black, the purchaser, he, the peti-tioner, executed a deed for his title to said Black; that since the execution and delivery of the deed, a claim had been asserted by the widow and heirs, and certain creditors, claiming the whole fund, upon the ground that they were entitled to all that was made on a sale of Jacob Diehl's estate; and praying a review of the administration account; that the confirmation of the return of

[Diehl's Appeal.]

sale, and of the account, be taken off; and that both should be amended according to the foregoing facts and confirmed accordingly; also, praying the court to set aside the sale, to amend the return, and confirm the sale as amended.

This was resisted by the widow and heirs, as well as by sundry creditors of the decedent, on the ground that Dickinson was a stranger to the proceedings, and had no standing in court. The court below, however, granted the prayer of the petition, amended the return to the order of sale, and reformed the account of the administrator, in accordance with the facts set forth in the petition. From this decree the present appeal was taken.

*Cessna* and *Shannon*, for the appellants, cited Hawk *v.* Geddis, 16 *S. & R.* 28; King *v.* Gunnison, 4 *Barr* 171; Richter *v.* Fitzsimmons, 4 *Watts* 251; Kennedy's Appeal, 4 *Barr* 153; Fox *v.* Mensch, 3 *W. & S.* 444; 9 *S. & R.* 156; Davis's Appeal, 2 *Harris* 371; Vandever *v.* Baker, 1 *Id.* 121; Robb *v.* Mann, 1 *Jones* 300.

*King & Jordan*, and *Mower*, for the appellees, cited George's Appeal, 2 *Jones* 260; Horbach *v.* Riley, 7 *Barr* 83; Vierheller's Appeal, 12 *Harris* 105.

The opinion of the court was delivered by

STRONG, J.—This is an appeal from a decree of the Orphans' Court of Bedford county, confirming an amended return to an order of sale of the real estate of Jacob Diehl, deceased; and also from a decree reforming the account of his administrator, and making distribution of the balance in his hands. All the proceedings have been exceedingly irregular, and it is not without difficulty that we are able to give equitable relief against what was evidently a clear mistake.

The sale in the Orphans' Court passed only the title which the decedent had. That court had no jurisdiction to decree the sale of any other real estate than that of Jacob Diehl. That estate was only an equitable one, and therefore the purchaser took an equitable one. The title of Dickinson, the vendor, was undisturbed. Of course, the purchase-money, at the sale by the administrator, was a substitute for no more than for the equity sold. The argument that the sale united both the legal and equitable interests in the purchaser, on the principle asserted in Love *v.* Jones, 4 *Watts* 465, Horbach *v.* Riley, 7 *Barr* 83, and Vierheller's Appeal, 12 *Harris* 105, is based upon an entire misconception of those decisions. They were cases of sales under judgments obtained by vendors by articles for the purchase-money. The vendors were the actors. Not so in the present case. The administrator could only administer the assets of the

decedent, who was the vendee, and, in making the sale, he was the agent of the law, not of the vendor.   Whatever therefore were the proceeds of the sale conducted by him, they were the price of the estate which Jacob Diehl held at the time of his death.

The return to the order of sale was, that the administrator had sold the property for $2601, and the court confirmed the sale, on the 15th November 1855 : a deed was then made to the purchaser. From the report of the auditor upon the administrator's account, it appears, that by an arrangement between Dickinson, the owner of the legal title, Black, the purchaser, and the administrator, the entire estate in the land, both legal and equitable, was sold at the same time, and that the $2601 was, in fact, the purchase-money of both.   The return to the order of sale was, therefore, a mistake; and the Orphans' Court, if applied to in season by the administrator, would doubtless have permitted him to substitute an amended return accordant with the actual fact.   But no such application was made.   Dickinson, the véndor, on the 3d of September 1857, petitioned the court to direct an amendment of the return ; and also a corresponding amendment of the administrator's account. The court decreed in accordance with the prayer of the petition. This was all erroneous.   Dickinson was not a party at whose instance the court could make such decrees ; and it was too late, after the sale had been confirmed, and the deed had been made to the purchaser, to allow an amendment to the return of sale.   The decrees must therefore be reversed.

But the administration account has not yet passed out of the hands of the Orphans' Court.   That may, at the instance of the administrator, be corrected.   If it be established, to the satisfaction of that court, that both the legal estate of Dickinson and the equitable estate of Diehl were sold at the same time, and that the $2601 was what was agreed to be paid for both, then the administrator should be charged with the sum only for which the equitable interest sold, that is, with what the whole fee brought beyond the unpaid purchase-money due Dickinson.   In the settlement of this administration account, the return to the order of sale is not conclusive of the amount of the proceeds of sale, and of course, not of the amount of the fund in the hands of the administrator for distribution.   Certainly, the widow and heirs, as well as the creditors, might show that the decedent's estate sold for more than the administrator returned ; and if they are not estopped by his return, neither is he, for estoppels must be mutual.

> The decrees of the Orphans' Court are reversed ; and the record is remitted, with directions to order a settlement of the administration account upon the principles stated.